UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-MJ-04363-Torres

UNITED STATES OF AMERICA,

v.

WASHINGTON FRANCISCO MERO
ANTHONY BRYAN MERO and
JUAN CARLOS MARIN MERO,

Defendants,
_____/

FILED BY ___ER___ D.C.
Dec 1, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ *Yvonne Rodriguez-Schack*
      YVONNE RODRIGUEZ-SCHACK
      Assistant United States Attorney
      Florida Bar No. 794686
      99 N.E. 4th Street
      Miami, FL 33132
      305.961.9014
      Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>WASHINGTON FRANCISCO MERO,<br>ANTHONY BRYAN MERO and<br>JUAN CARLOS MARIN MERO,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  23-MJ-04363-Torres<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about ___November 16, 2023___, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

Th complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*  A6311

Vincent J. Knoll, Special Agent HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone.

Date: __December 1, 2023__

*Judge's signature*

City and state:  Miami, Florida

Hon. Edwin G. Torres, United States Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Vincent J. Knoll, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with Homeland Security Investigations (HSI). I am presently assigned to the Office of the Special Agent in Charge in Miami, Florida (SAC Miami). I have been employed with HSI since April 2023. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and make arrest for, offenses enumerated in Title 18, 21 and 46 of the United States Code. I have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the HSI, I am familiar with the manner in which narcotics traffickers and narcotics trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge, as well as, information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against WASHINGTON FRANCISCO MERO, ANTHONY BRYAN MERO, and JUAN CARLOS MARIN MERO for conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. On or about November 16, 2023, while on patrol in the Eastern Pacific, United States Coast Guard ("USCG") Cutter WAESCHE's detected a go-fast vessel (GFV) operating approximately 196 nautical miles west of Cabo San Lorenzo, Ecuador. The GFV had three (3)

individuals on board, three (3) outboard motors, multiple fuel barrels and packages visible on deck, displayed no indicia of nationality, and transiting at a high rate of speed in a known drug trafficking area. The WAESCHE, which was in the area, was diverted to interdict and investigate. USCG District 11 granted a Statement of No Objection to conduct a Right of Visit boarding. The WAESCHE launched their Over the Horizon small boat (OTH), along with a Boarding Team (BT) to interdict. The GFV refused to stop causing the USCG to employed warning shots to make the GFV stop. The OTH arrived on scene and gained positive control of the GFV.

4. There were three individuals on board who identified themselves as WASHINGTON FRANCISCO MERO, ANTHONY BRYAN MERO and JUAN CARLOS MARIN MERO, all Ecuadorian nationals. When asked, WASHINGTON FRANCISCO MERO identified himself as the master and made a claim of Ecuadorian nationality for the vessel. Based on WASHINGTON FRANCISCO MERO's verbal claim, the Government of Ecuador was contacted and responded that they could neither confirm nor deny the nationality of the vessel. Consequently, the vessel was treated as a vessel without nationality, and therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

5. The boarding team recovered a total of thirty-nine (39) bales. A field test of the content of the bales proved positive for cocaine. The approximate at sea weight of the cocaine was 1,140 kilograms. The three individuals, along with the bales of cocaine, were transferred to the WAESCHE.

6. Based on the foregoing facts, the Affiant believes that probable cause exists that WASHINGTON FRANCISCO MERO, ANTHONY BRYAN MERO and JUAN CARLOS MARIN MERO conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Vincent J. Knoll
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this ___ day of December 2023.

HONORABLE EDWIN G. TORRES
UNITED STATES CHIEF MAGISTRATE JUDGE